# EXHIBIT A

1   Jason Lundberg, State Bar No. 248913
    Allegiance Law
2   871 Page Street, Ste. 5
    San Francisco, CA 94117
3   Telephone: (415) 404-6395
    Fax: (415) 738-2406
4

5   Attorney for Plaintiffs,
    EDILBERTO CORREA VILELA
6

**FILED**

FEB 1 4 2022

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: N. Johnson, Deputy

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA,

8                           COUNTY OF MARIN

9                         (UNLIMITED JURISDICTION)

10

11

12                                              Case No.:  CIV2201202

13                                              Complaint for Damages

14  EDILBERTO CORREA VILELA,

15  Plaintiff,                                  1)  Retaliation in Violation of the Fair
                                                    Employment and Housing
16  v.                                          2)  Discrimination in Violation of FEHA
                                                3)  Failure to Take all Reasonable Steps to
17  O'REILLY AUTO ENTERPRISES LLC AND               Prevent Discrimination in Violation of
18  DOES 1 – 50,                                    FEHA
                                                4)  Violation of California Labor Code 98.6
19  Defendants.                                 5)  Failure to Provide Accurate Wage
                                                    Statements
20                                              6)  Failure to Pay Wages When Due Upon
                                                    Discharge, Layoff or Resignation in
21                                                  Violation of Cal. Labor Code §§ 201-
22                                                  203
                                                7)  Failure to Pay All Earned Hourly Wages
23                                                  in Violation of The California Labor
                                                    Code
24                                              8)  Failure to Pay Wages for Work
25                                                  Performed During Mandated Meal and
                                                    Rest Periods in Violation of Cal. Lab.
26                                                  Code §§ 512, 226.7
                                                9)  Violations of Business and Prof. Code §
27                                                  17200, et seq.
28

---
                                    1
                          COMPLAINT FOR DAMAGES

PLAINTIFF, EDILBERTO CORREA VILELA (hereinafter referred to as "PLAINTIFF") allege the following:

### PARTIES

1.  PLAINTIFF is a former employee of O'REILLY AUTO ENTERPRISES LLC (hereinafter referred to as "DEFENDANT").

2.  PLAINTIFF is a resident of Kentfield, Marin County and the State of California.

3.  PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT is a Delaware corporation that is duly licensed to transact business in the State of California.

4.  Plaintiff is ignorant of the true names and capacities of defendants sued as DOES 1 -50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when Plaintiff ascertains their true names and capacities. On information and belief, Plaintiff alleges that each of these said defendants is liable to Plaintiff and responsible for damages as set forth below.

5.  On information and belief, Plaintiff alleges that, at all relevant times, each of the defendants was the agent, employee, servant, and representative of the remaining defendants and was acting within the purpose and scope of such agency, employment, or contract.

### STATEMENT OF JURISDICTION AND VENUE

6.  This Court is the proper Court and this action is properly filed in the County of Marin as DEFENDANTS conduct business in the County of Marin, where the incidents alleged herein occurred, and where PLAINTIFF and DEFENDANTS entered into their employment agreement.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.  PLAINTIFF has exhausted all administrative remedies as required by law. PLAINTIFF attaches the Right to Sue letter obtained from the Department of Fair Employment and Housing to said complaint and incorporates said letter herein.

**COMPLAINT FOR DAMAGES**

## **FACTUAL ALLEGATIONS**

8. PLAINTIFF brings this action against DEFENDANT and DOES 1-50 to recover among other things: interest, attorney's fees, penalties, costs, expenses, wages, and monetary compensation for the above captioned causes of action.

9. PLAINTIFF is a native of Peru and is a native Spanish speaker. PLAINTIFF has some ability to speak English. However, his speaking is marked with a heavy accent, and at times PLAINTIFF is unable to communicate in a way that is grammatically correct.

10. When PLAINTIFF would attempt to speak English, PLAINTIFF would be mocked by his co-workers and supervisors who would imitate the way he spoke.

11. When PLAINTIFF did complain of said behavior to Lesly Lee, a supervisor or PLAINTIFF and an employee of DEFENDANT, Lesly Lee refused to admonish the employees to cease making fun of PLAINTIFF.

12. At all relevant times alleged herein DEFENDANTS employed PLAINTIFF. In perpetrating the acts and omissions alleged herein, DEFENDANTS, willfully violated California Labor Law.

13. PLAINTIFF was hired by DEFENDANT in February of 2008. When PLAINTIFF ended his tenure with DEFENDANT on or about July 2021, he was earning $17.00 per hour.

14. DEFENDANT would not permit PLAINTIFF to take a rest period. He was required to work through his rest periods.

15. PLAINTIFF was required to clock in for work via a computer system. When PLAINTIFF was not permitted to take a lunch break, DEFENDANT would modify his timecards to include a lunch period that PLAINTIFF did not take.

16. DEFENDANT would not permit PLAINTIFF to take an uninterrupted meal-break. He was required to either work through lunch or eat while he working.

17. Additionally, PLAINTIFF would be required to work overtime. PLAINTIFF believes that he worked 12 to 15 hours of overtime weekly. PLAINTIFF states that his time cards did not accurately reflect the amount of work that PLAINTIFF performed. The timecards would be modified to reflect less time than PLAINTIFF actually worked.

**COMPLAINT FOR DAMAGES**

18. In November of 2020, PLAINTIFF verbally complained through a "confidential" telephone number that is provided to employees of DEFENDANT. PLAINTIFF complained of not being able to take rest breaks and having his lunch hours deducted from his timesheet when he failed to take a lunch break.

19. Following his telephone call to the "confidential" telephone number, DEFENDANT began a pattern of treating PLAINTIFF differently. DEFENDANT told him that he did not need to take rest breaks as "he is always sitting down."

20. PLAINTIFF then had his driving duties removed from him and he was required to work in the back of the store.

21. On or about December 29, 2020, PLAINTIFF contacted DEFENDANT to voice his concern regarding his lack of breaks. He informed DEFENDANT that his supervisors Nery De Leon and Lesly Lee told him that he was not permitted to take a ten-minute break. PLAINTIFF informed DEFENDANT that he knew that the other drivers were being permitted to take their breaks. Plaintiff believes that all drivers that were permitted to take their breaks were Caucasian.

22. After PLAINTIFF complained in writing in December of 2020, he was then permitted to take his rest periods and uninterrupted meal breaks.

23. After PLAINTIFF complained of missing his rest periods and having meal periods deducted from his time sheets, the illegal action ceased.

24. Following this complaint, PLAINTIFF was moved from his position as the main driver for the store located on Second Street in San Rafael, CA to DEFENDANT's location in Novato, CA. PLAINTIFF was then able to resume his old job duties where he was able to drive again.

25. While PLAINTIFF worked at the Novato location, he continued to be verbally harassed by DEFENDANT. PLAINTIFF was told that he was a poor driver and was not performing his job duties properly.

26. PLAINTIFF requested that he be moved to another location. DEFENDANT transferred PLAINTIFF to their location on Francisco in San Rafael, CA.

**COMPLAINT FOR DAMAGES**

27. While PLAINTIFF was at the Francisco location, DEFENDANT informed PLAINTIFF that he would not be getting his full raise as he was received in the past. PLAINTIFF would only receive a raise in the amount of fifty cents.

28. PLAINTIFF resigned his position in late June of 2021.

### FIRST CAUSE OF ACTION
### RETALIATION IN VIOLATION OF FEHA

29. PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 28.

30. DEFENDANT is an employer in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

31. DEFENDANT retaliated against PLAINTIFF due to PLAINTIFF'S assertion of his legal right to oppose what he believed was an illegal act, as PLAINTIFF complained that the Caucasian drivers were permitted their rest periods and uninterrupted meal breaks.  This retaliation is in violation of the California Fair Employment and Housing Act.

32. DEFENDANT retaliated against PLAINTIFF by removing PLAINTIFF from his position as a driver and put him working in the back of the store.

33. As a direct and proximate result of DEFENDANTS' retaliation as described in this Complaint, PLAINTIFF has sustained and will suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

34.     In addition, PLAINTIFF is entitled to attorney's fees in prosecution of this lawsuit, pursuant to Government Code Section 12965 (b).

35.     Further, because the retaliatory acts were committed by DEFENDANTS, including officers, shareholders, directors and/or managing agents of the company, who acted with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to PLAINTIFFS, PLAINTIFFS seek punitive damages against DEFENDANTS in order to deter them from such conduct and allowing such conduct in the future. DEFENDANTS' violation of FEHA is a violation of a fundamental public policy is therefore subject to punitive damages.

///

**COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF FEHA

36. PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 35.

37. DEFENDANT is an employer in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

38. DEFENDANT discriminated against PLAINTIFF due to PLAINTIFF'S race. PLAINTIFF was deprived of rights privileges legally allowed to PLAINTIFF, while assertion of his legal right to oppose what he believed was an illegal act, as PLAINTIFF complained that the Caucasian drivers were permitted their rest periods and uninterrupted meal breaks while PLAINTIFF was not. This retaliation is in violation of the California Fair Employment and Housing Act.

39. DEFENDANT retaliated against PLAINTIFF by removing PLAINTIFF from his position as a driver and put him working in the back of the store.

40. As a direct and proximate result of DEFENDANTS' retaliation as described in this Complaint, PLAINTIFF has sustained and will suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

41.   In addition, PLAINTIFF is entitled to attorney's fees in prosecution of this lawsuit, pursuant to Government Code Section 12965 (b).

42.   Further, because the discriminatory acts were committed by DEFENDANTS, including officers, shareholders, directors and/or managing agents of the company, who acted with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to PLAINTIFF, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct and allowing such conduct in the future. DEFENDANTS' violation of FEHA is a violation of a fundamental public policy is therefore subject to punitive damages.

///
///
///

**COMPLAINT FOR DAMAGES**

## THIRD CAUSE OF ACTION
### FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA

43. PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 42.

44. DEFENDANTS are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA"), at the time PLAINTIFF complained to them regarding disability discrimination.

45. DEFENDANTS failed to take all reasonable steps to prevent discrimination and retaliation before and/or after PLAINTIFF gave notice of discrimination retaliation. This failure is in violation of the California Fair Employment and Housing Act.

46. As a direct and proximate result of DEFENDANTS' failure to take all reasonable steps to prevent discrimination retaliation as described in this complaint, PLAINTIFF has sustained and will suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

47. In addition, PLAINTIFF is entitled to attorney's fees in prosecution of this lawsuit, pursuant to Government Code Section 12965 (b).

48. Further, because the failure to take all reasonable steps to prevent discrimination, and harassment, and/or retaliation, was an omission committed by DEFENDANTS, including officers, shareholders, directors and/or managing agents of the company, who acted with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to PLAINTIFF by failing to act, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct and allowing such conduct in the future. DEFENDANTS' violation of FEHA is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

## FOURTH CAUSE OF ACTION
### VIOLATION OF CAL. LABOR CODE SEC. 98.6

49. PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 48.

**COMPLAINT FOR DAMAGES**

50. At all times relevant hereto, Labor Code § 98.6 was in full force and binding on DEFENDANT and California Labor Code Section 98.6, which prohibits employers from retaliating, discriminating, or taking adverse action against an employee for exercising any right under the Labor Code, including making an oral or written complaint.

51. PLAINTIFF made oral complaints to DEFENDANT including but not limited to his deprivation of meal breaks, failure to compensate for meal periods, and manipulation of PLAINTIFF'S timecards.

52. PLAINTIFF is entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer, as well as all lost benefits caused by the act of the employer.

53. DEFENDANT violate this section and liable for a civil penalty not exceeding ten thousand dollars ($10,000).

## FIFTH CAUSE OF ACTION
### Failure to Provide Accurate Wage Statements

54. PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 53.

55. At all times relevant hereto, Labor Code § 226 was in full force and binding on DEFENDANT and required DEFENDANT to provide its employees, on a semimonthly basis, or at the time wages are paid, an itemized statement showing, without limitation, the total hours worked at each corresponding rate of pay and all gross and net wages earned.

56. An employer must provide employees with wage statements that accurately reflect, inter alia, the gross wages earned, all deductions from those wages and the net pay. (Cal. Lab. Code § 226(a), (e); Cal. Lab. Code § 226.3; *Cicairos v. Summit Logistics, Inc.* (2005) 133 Cal.App.4th 949, 955.)

57. PLAINTIFF was entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing: a) gross wages earned; b) net wages earned; c) all applicable hourly rates in effect during the pay period; and d) the corresponding number of hours worked at each hourly rate by the employee.

58. DEFENDANT failed to provide PLAINTIFF accurate itemized statements in accordance with California Labor Code § 226(a) because PLAINTIFF'S wage statements did not, among other things,

accurately reflect all of the hours that he actually worked, the descriptions for all of the hours he actually worked, and the corresponding rates of pay for all of the hours they actually worked.

59. DEFENDAN'S' failure to provide PLAINTIFF'S with accurate wage statements was knowing and intentional. DEFENDANT had the ability to provide PLAINTIFF with accurate wage statements but intentionally provided wage statements that DEFENDANT knew was not accurate.

60. As a result of being provided with inaccurate wage statements by DEFENDANT, PLAINTIFF suffered an injury. PLAINTIFF'S legal right to receive accurate wage statements was violated and he was misled about the amount of wages he actually earned and was owed. In addition, the absence of accurate information on their wage statements prevented immediate challenges to DEFENDANT'S unlawful pay practices, will require discovery and mathematical computations to determine the amounts of wages owed, and has caused difficulty and expense in attempting to reconstruct time and pay records.

61. Pursuant to California Labor Code § 226(e), PLAINTIFF is entitled to recover the greater of actual damages, or penalties for the initial pay period in which a violation of California Labor Code § 226(a) occurred and one hundred dollars for each violation of California Labor Code § 226(a) in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is also entitled to an award of costs and reasonable attorney's fees.

## SIXTH CAUSE OF ACTION
### FAILURE TO PAY WAGES FOR WORK PERFORMED DURING MANDATED MEAL AND REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 512, 226.7

62.     PLAINTIFFS hereby reallege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 61.

63.     At all times relevant hereto, Industrial Welfare Commission (IWC) Wage Order 1-2001 and Cal. Code of Regulations (CCR) § 11010 were in full force and binding on DEFENDANT. The specified wage order and regulation required DEFENDANT to provide PLAINTIFF with a meal period of at least thirty (30) minutes per five (5) hour work period and a paid ten (10) minute paid rest period for every four (4) hours, or major fraction thereof, worked.

64.     At all times relevant hereto, DEFENDANT has refused to authorize and permit, as to PLAINTIFF, meal periods of at least thirty (30) minutes per five (5) hour work period and paid ten (10) minute paid rests period for every four (4) hours, or major fraction thereof, worked.

COMPLAINT FOR DAMAGES

65.     Pursuant to Labor Code § 226.7, DEFENDANT'S conduct alleged herein entitles PLAINTIFF to payment of one (1) additional hour of wages for each day a meal break was not provided.

66.     As a proximate result of DEFENDANT'S conduct as alleged herein, PLAINTIFF has been denied earned compensation for missed meal periods, and thereby sustained, and continue to sustain, damages in a sum according to proof.

67.     As a proximate result of DEFENDANT'S conduct as alleged herein, PLAINTIFF incurred, and continues to incur, substantial costs of suit and attorney's fees.

### SEVENTH CAUSE OF ACTION
### FAILURE TO PAY WAGES WHEN DUE UPON DISCHARGE, LAYOFF OR RESIGNATION IN VIOLATION OF CAL. LABOR CODE §§ 201-203

68.     PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 67.

69.     At all times relevant hereto, Labor Code §§ 201-202 were in full force and binding on DEFENDANT and required DEFENDANT to pay PLAINTIFF all wages earned and unpaid, whether for overtime, missed meal and rest periods or otherwise, immediately upon discharge or layoff or within 72 hours of resignation.

70.     PLAINTIFF ceased working for DEFENDANTS on or about July 1, 2021 but DEFENDANTS knowingly and intentionally refused, and continue to refuse, to pay PLAINTIFF all wages earned but unpaid upon separation as required. At separation, PLAINTIFF was owed wages for overtime and work performed during mandated meal and rest periods which DEFENDANT willfully and intentionally failed to pay as alleged herein.

71.     DEFENDANT'S conduct alleged herein violates Labor Code §§ 201-202 and therefore, pursuant to Labor Code § 203, PLAINTIFF is entitled to continued wages from the due date thereof at the same rate until paid, for up to 30 days, at their most recent rate of pay.

72.     As a proximate result of DEFENDANTS' conduct as alleged herein, PLAINTIFF incurred, and continues to incur, substantial costs of suit and attorneys' fees in a sum to be proven.

///

COMPLAINT FOR DAMAGES

**EIGHTH CAUSE OF ACTION**
**FAILURE TO PAY ALL EARNED HOURLY WAGES IN VIOLATION OF THE**
**CALIFORNIA LABOR CODE**

73. PLAINTIFFS incorporates paragraphs 1 through 72 of the Complaint as if fully alleged herein.

74. At all relevant times, PLAINTIFF was entitled to the protections of the California Labor Code, including California Labor Code §§ 204, 510, and applicable Wage order(s). These protections include the rights to be timely paid all wages earned at the legally required rates for all hours worked.

75. California Labor Code § 510(a) requires employers to compensate employees at one and one-half times their regular rates of pay for:

      a.  All hours worked in excess of eight hours in one workday;

      b.  All hours worked in excess of forty hours in one workweek; and,

      c.  The first eight hours worked on a seventh consecutive workday during a workweek.

76. California Labor Code § 510(a) also requires employers to compensate employees at two times their regular rates of pay for:

      a.  All hours worked in excess of twelve hours in one day; and,

      b.  All hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

77. During the applicable limitations period, PLAINTIFF worked more than eight hours in one workday, more than forty hours in one workweek, and eight or more hours on a seventh consecutive workday without being paid for all of those hours at the rates required under California Labor Code § 510(a).

78. PLAINTIFF is informed and believes that DEFENDANT has maintained a policy or practice of not compensating him for all hours worked in excess of eight hours in one day, all hours worked in excess of forty hours in one week, the first eight hours on a seventh consecutive workday, and all worked hours in excess of eight hours on a seventh consecutive workday.

79.     PLAINTIFF is informed and believes that he has worked overtime for which they have not been compensated.  Plaintiff believes that the amount owed for unpaid overtime is in excess $ 50,000.00, not including penalties and interest.

80.     As a result of DEFENDANT'S conduct, PLAINTIFF, seeks declaratory and injunctive relief, damages for unpaid overtime wages, interest thereon, costs of suit, and reasonable attorney's fees pursuant to California Labor Code § 1194(a).

### NINTH CAUSE OF ACTION
### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ. FOR UNFAIR COMPETITION

81. PLAINTIFF incorporates herein by reference paragraphs 1 through 80 above.

82. DEFENDANT'S conduct constitutes unfair competition, as Business & Professions Code section 17200 defines that term, because failing to pay the proper overtime and provide meal periods as dictated by California Labor Codes, constitute unfair, unlawful, and fraudulent business acts or practices. Accordingly, PLAINTIFF seeks redress pursuant to Business & Professions Code Sections 17203 and 17204. PLAINTIFF specifically seek restitution by an order requiring DEFENDANT to disgorge wrongfully withheld wages, wrongfully withheld overtime and excess profits they earned as a result of their unfair, unlawful, or fraudulent business acts or practices.

83. PLAINTIFF has suffered injury in fact and has lost money as a result of the unfair competition.

84. PLAINTIFF additionally pleads that a four-year limitations period, rather than shorter periods of limitation applicable to contractual or statutory wage claims, governs a his claim as it is based on a claim of unfair competition action based on failure to pay wages, as Bus. And Prof. Code § 17200, et seq. provides that "any" action on "any" UCL cause of action is subject to the four-year period of limitations. *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal. 4th 163.

85. As a result of these Section 17200 violations, the DEFENDANTS have illegally profited at PLAINTIFFS' expense. Consequently, PLAINTIFFS seeks all statutory damages and penalties, and attorneys' fees in an amount to be proved at trial.

///

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE PLAINTIFF prays for judgment against DEFENDANT as follows: AS TO ALL CAUSES OF ACTION:

1. For all actual, consequential and incidental financial losses, including but not limited to loss of earnings and employment benefits, together with prejudgment interest, according to proof;

2. For all compensatory and general damages in an amount according to proof;

3. For all unpaid wages and penalties;

4. For all statutory damages as allowed by law;

4. For reasonable attorneys fees according to statute;

5. For punitive damages;

6. For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

7. For costs of suit incurred herein; and

8. For such other and further relief as the court may deem appropriate.


Dated: February 8, 2022                                    ALLEGIANCE LAW FIRM


                                                           Jason Lundberg,
                                                           Attorney for Plaintiff

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

February 11, 2022

Edilberto Correa Vilela
247 McAllister Avenue
Kentfield, CA 94904

RE: **Notice of Case Closure and Right to Sue**
     DFEH Matter Number: 202202-16089009
     Right to Sue: Correa Vilela / O'Reilly Auto Enterprises, LLC et al.

Dear Edilberto Correa Vilela:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 11, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                  KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

# MARIN COUNTY SUPERIOR COURT
P.O. Box 4988
San Rafael, CA 94913-4988

PLAINTIFF: E VILELA

vs.

DEFENDANT: O'ZEILLY AUTO

CASE NO. CIV 2201202

**NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)**

(Pursuant to Government Code Section 68600 et seq.)

*Pursuant to Local Rule 1.3, the plaintiff must serve a copy of this Notice of Case Management Conference, a blank Case Management Statement (Judicial Council Form CM-110), a blank Notice of Settlement of Entire Case (Judicial Council Form CM-200), and an Alternative Dispute Resolution (ADR) Informational Notice (CV006) together with the complaint on all parties.*

This case is assigned for all purposes to Judge   S FRECCERO   in Courtroom A

1. The parties/counsel to this action shall comply with the filing and service deadlines in Local Rule 1.5 and California Rule of Court 3.110, or appear at the Order to Show Cause hearing on the dates set forth below:

   Failure to File Proof of Service      __/__/__    8:30 / 9:00 A.M.

   Failure to Answer                     __/__/__    8:30 / 9:00 A.M.

2. Parties must appear for Case Management Conference on   9/19/22   8:30 / 9:00 A.M.

3. The parties must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the Case Management Conference** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed with the court and served on all parties <u>at least 15 calendar days</u> before the Case Management Conference. **(Late filing may result in the issuance of sanctions.)**

*Distribution: Original - Court File;  Canary - Plaintiff*

CV008          **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)**          Rev. 7/15/15
               (Pursuant to Government Code § 68600 et seq.)

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

FEB 1 4 2022

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: N. Johnson, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

O' REILLY AUTO ENTERPRISES LLC AND DOES 1 – 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EDILBERTO CORREA VILELA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California, County of Marin<br><br>3501 Civic Center, San Rafael, CA 94903 | CASE NUMBER: *(Número del Caso):*<br>CIV2201202 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jason Lundberg (248913) Allegiance Law, 871 Page Street, Ste. 5, San Francisco, CA 94117; (415) 404-6395

| DATE:<br>*(Fecha)* FEB 1 4 2022 | JAMES M. KIM Clerk, by<br>*(Secretario)* | N. JOHNSON , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* O'Reilly Auto Enterprises LLC
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jason Lundberg (248913)<br>Allegiance Law, 871 Page Street, Ste. 5, San Francisco, CA 94117 | RECEIVED<br>MARIN COUNTY<br>SUPERIOR COURT<br><br>2022 FEB 14  AM 10:48 |
| TELEPHONE NO: (415) 404-6395     FAX NO. *(Optional):* (415) 738-2406<br>E-MAIL ADDRESS: jason@allegiancelaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Ediberto Correa | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin | |
|---|---|
| STREET ADDRESS: 3501 Civic Center | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: San Rafael, CA 94903 | |
| BRANCH NAME: | |

| CASE NAME:<br>Vilela v. O'Reilly AAuto | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CIV2201202 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 9
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 8, 2022

Jason Lundberg

_____          ▶ _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                     **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. September 1, 2021]                          **CIVIL CASE COVER SHEET**                                    **Page 2 of 2**

**For your protection and privacy, please press the Clear**